IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTOLIN ANDREWS,

      Plaintiff,                     No. CIV S-02-0553 DFL PAN P

     vs.

DENNIS MCCARGER, et al.,

      Defendants.              FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a former state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. In his amended complaint, filed March 25, 2003, plaintiff claims that defendants violated his constitutional right to access the courts by implementing a procedure for photocopying legal documents that, when followed, resulted in the denial of copies requested by plaintiff and thereby obstructed his litigation efforts in various court actions. Plaintiff seeks seeks damages and injunctive relief. This matter is before the court on defendants' motion for summary judgment.

SUMMARY JUDGMENT STANDARDS UNDER RULE 56

        Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

1

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could

return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

On September 10, 2003, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

/////

ANALYSIS

I. <u>Plaintiff's Allegations</u>

In the amended complaint, plaintiff makes a series of allegations of alleged interference with his right to access the courts all of which were allegedly caused by defendants' adherence to a library handbook developed by defendants McCargar and Hamad[1] for use in the California State Prison-Sacramento (CSP-Sacramento) law library. The handbook set forth policies and procedures for inmate access to library services at CSP-Sacramento. A copy of the handbook is appended as Exhibit A to the Amended Complaint.

In the first series of allegations, plaintiff alleges that defendant McCargar refused to copy a proof of service showing that defendants had been served with a document filed in a civil action in the Los Angeles County Superior Court, <u>Andrews v. Rossen</u>, No. BC 24336. Plaintiff alleges that as a result of defendant McCargar's refusal to copy the certificates of service the individual defendants were dismissed from that action.

Plaintiff next alleges that defendant McCargar unlawfully reviewed a habeas corpus petition that plaintiff sought to file in both the state court of appeals and the state superior court, refused plaintiff's request to copy both petitions on the ground that the title page reflected the title of both courts, and required plaintiff to present a title page with only one court name as a prerequisite to obtaining the requested copies.

On another occasion, defendant McCargar denied plaintiff's request for copies on the ground that the role of the addressee, Amber Logan, in litigation was not identified and plaintiff had used too many names. (Ex. L to Amended Complaint.)

Plaintiff further alleges that defendant McCargar refused to copy a claim form plaintiff needed to file to oppose a defense motion for judgment on the pleadings, refused to copy documents that had been conformed by courts and refused other copy requests as well.

---

[1] Sued herein as defendant Hoffman.

4

II. Defendants' Motion

Defendants seek summary judgment on the grounds that (1) the court has previously determined that plaintiff had no constitutionally protected right to access the court to litigate Andrews v. Rossen, a civil action filed by plaintiff in state court; (2) Andrews v. Rossen was dismissed because plaintiff was declared a vexatious litigant was unable to post the bond required pursuant to that order, and not due to any act or omission by defendants; (3) plaintiff lacks standing to claim that defendant McCargar interfered with his right to bring a state habeas corpus action because plaintiff received the required copies after he transferred to another prison; and (4) plaintiff has no general right to confidentiality in his legal materials and prison officials are entitled to make reasonable inspections thereof before providing copy services.

III. Legal Standards

Prisoners have a constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995); Vandelft v. Moses, 31 F.3d 794, 796 (9th Cir. 1994); Ching v. Lewis, 895 F.2d 608, 609 (9th Cir. 1989). This may include an obligation to provide photocopies and ink pens, where such services and materials are necessary to an action or appeal. Hiser v. Franklin, 94 F.3d 1287, 1294 n.6 (9th Cir. 1996); Allen v. Sakai, 48 F.3d 1082, 1089-90 (9th Cir. 1995). To state a claim his right of access to the courts was violated, a prisoner must allege he has suffered an "actual injury," i.e., "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis, 518 U.S. at 348; see also Madrid v. Gomez, 190 F.3d 990, 996 (9th Cir. 1999); Vandelft, 31 F.3d at 796; Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1990). The right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and civil rights actions. Lewis, 518 U.S. at 353 n.3 & 354-55; Madrid, 190 F.3d at 995.

IV. Application

The following facts relevant to disposition of plaintiff's claims are undisputed.

1   Plaintiff was incarcerated at CSP-Sacramento from November 28, 2000 until April 10, 2001,
2   when he was transferred to CSP - Solano.  (Ex. A to Defendants' Statement of Undisputed
3   Facts.)
4         Plaintiff filed Andrews v. Rossen in the Los Angeles County Superior Court on
5   January 12, 2001.  (Ex. B to Defendants' Statement of Undisputed Facts, filed May 13, 2005.)
6   Plaintiff named numerous defendants in the complaint filed in that action.  (See id.)  Between
7   January 12, 2001 and April 10, 2001, five documents were filed in that action, including a
8   defense motion to quash service of summons and complaint, an answer to the complaint, an
9   opposition to the defense motion, a tentative ruling on the motion, and a status conference
10  questionnaire filed by plaintiff.  (Ex. B at 13-14.)  The motion to quash was granted by order
11  filed March 22, 2001, and a show cause hearing re: sanctions/dismissal for failure to serve
12  defendants was set for April 23, 2001.  (Ex. A to Ex. G to Plaintiff's Opposition to the
13  Magistrate Judge's Findings and Recommendations, filed August 13, 2004.)
14        It appears that the documents defendant McCargar allegedly refused to copy were
15  returns of service from the Los Angeles County Sheriff's Department showing that service had
16  not been accomplished on several individual defendants in the state court action.  (See Ex. G to
17  Plaintiff's Opposition to Magistrate Judge's Findings and Recommendations, filed August 13,
18  2004; at 9 and Ex. B thereto.)  The returns were appended to request by plaintiff for an extension
19  of time to complete service of process, which apparently was plaintiff's opposition to the defense
20  motion to quash.  (Id.)  Ultimately, the action proceeded only against the County of Los Angeles
21  and Lee Baca and was finally dismissed in 2002 after plaintiff was declared a vexatious litigant
22  and failed to post bond as ordered by the court.
23        It appears that several defendants were dismissed pursuant to the defense motion
24  to quash service of the summons and complaint.  In opposition to that motion, plaintiff attempted
25  to file a motion for an extension of time to complete service of process.  The copies defendant
26  McCargar allegedly refused to make showed that service had not been effected on several

defendants and were intended by plaintiff to show the superior court that he was attempting to serve process on several defendants. Plaintiff's opposition/motion was rejected for failure to comply with superior court rules that require submission of two copies of every document submitted for filing. (See Ex. G to Plaintiff's August 13, 2004 Opposition, at 9.) However, it was the lack of service, and not the lack of copies, that caused the dismissal of defendants from the superior court action.

After careful review of the record herein, this court finds that the undisputed evidence of record demonstrates that defendants refusal to provide copies did not cause the dismissal of defendants from Andrews v. Rossen and, therefore, that said refusal did not cause any "actual injury" to plaintiff's right to access the courts. The court further finds that the only other copies plaintiff claims to have been denied by defendants were copies of documents for a habeas corpus action, and that plaintiff received those documents after he was transferred to another prison. Defendants did not, therefore, caused "actual injury" to plaintiff's right to access the courts to litigate his habeas corpus action.

For the foregoing reasons, defendants are entitled to summary judgment on plaintiff's claim that they interfered with his right to access the courts.

Plaintiff also claims more generally that the law library handbook impermissibly impinged on his First Amendment rights and caused defendants to unreasonably intrude on the preparation of his legal materials, and that defendants violated his right to due process. Neither claim is supported by the record before this court.

In accordance with the above, IT IS HEREBY RECOMMENDED that defendants' May 13, 2005 motion for summary judgment be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

2  failure to file objections within the specified time may waive the right to appeal the District

3  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

4  DATED: March 6, 2006.

_____<br>
UNITED STATES MAGISTRATE JUDGE

12/7
andr0553.msj